1

2

3

4

5

6

7

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10 DANNY JAMES COHEA,

11          Plaintiff,             No. 2:12-cv-1294 WBS EFB P

12     vs.

13 J. JONES, et al.,

                        ORDER AND

14         Defendants.         FINDINGS AND RECOMMENDATIONS

15 _____/

16       Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17 § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma

18 pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19 § 636(b)(1).

20 **I.**     **Request to Proceed In Forma Pauperis**

21       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

22 Dckt. No. 5.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

23 (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to

24 collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25 § 1915(b)(1) and (2).

26 ////

## II.     Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility.  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

**III.     Summary of Allegations in Complaint (Dckt. No. 1)**

Plaintiff's allegations pertain to events that occurred between September 19, 2004 and October 14, 2004.  He claims that defendant Jones tried to force plaintiff into a cell that was contaminated with raw sewage.  After plaintiff threatened to file an administrative appeal against Jones, Jones allegedly issued a retaliatory rules violation report against plaintiff.  Plaintiff claims that defendant Hammans deprived him of due process in the subsequent rules violation proceedings.

**IV.     Screening Order**

Pursuant to § 1915A, the court has reviewed plaintiff's complaint and finds that it must be dismissed.  Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper.  *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993); *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Plaintiff's § 1983 claim accrued when he knew or had reason to know of the injury which is the basis of this action.  *See Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).  Here, plaintiff knew of his alleged injury no later than October 14, 2004, but did not file this action until May 7, 2012.  *See* Compl. (Dckt. No. 1).

Because section 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling.  *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).  California has a two-year statute of limitations for personal injury actions.  Cal. Civ. Proc. Code § 335.1.  Under the two-year statute of limitations, plaintiff had until October 14, 2006 to file this action.

Under California law, the statute of limitations is tolled for a period of two years for persons imprisoned for a term less than life.  Cal. Civ. Proc. Code § 352.1.  With two years of tolling under § 352.1, plaintiff had until October 14, 2008 to file this action.

////

1    The limitation period is also tolled while an inmate completes the mandatory exhaustion

2    process pursuant to 42 U.S.C. § 1997e(a).  *See Brown v. Valoff*, 422 F.3d. 926, 943 (9th Cir.

3    2005) (explaining that "awaiting the completion of a staff misconduct investigation could, absent

4    some adjustment, endanger the prisoner's ability to file his court complaint within the limitations

5    period.").  In the instant complaint, plaintiff failed to provide dates for the exhaustion of

6    administrative remedies.  However, plaintiff previously filed an action in this court based on the

7    same allegations raised in this action.  *See Cohea v. Jones*, No. 2:07-cv-0694.[1]  That action was

8    dismissed without prejudice on February 21, 2008 for plaintiff's failure to exhaust administrative

9    remedies.  *See id.* Jan. 11, 2008 F&Rs ("Dckt. No. 23"), Feb. 21, 2008 Order ("Dckt. No. 27").

10   In that action, the court noted that plaintiff had never filed a grievance or an appeal between the

11   time of the September 19, 2004 incident and the filing of his complaint on April 11, 2007.  *Id.*,

12   Dckt. No. 23 at 8 n.3; *see also id.* May 26, 2009 Ninth Circuit Court of Appeals Memorandum

13   ("Dckt. No. 32") ("The district court properly dismissed the action because Cohea made no

14   attempt to exhaust administrative remedies before filing his complaint in federal court.").

15   Because plaintiff had not even initiated the administrative appeal process in the two years

16   following his alleged injury, the court cannot find that plaintiff is entitled to further tolling on the

17   grounds that his efforts to complete the mandatory exhaustion process endangered his ability to

18   file a timely complaint.

19          California law also allows for equitable tolling where the following three conditions are

20   met: "first, that the plaintiff gave timely notice to the defendant of the plaintiff's claim; second,

21   that the resultant delay did not cause prejudice to the defendant's position; and third, that the

22   plaintiff acted reasonably and in good faith."  *Ervin v. County of Los Angeles*, 848 F.2d 1018,

23   1019 (9th Cir. 1988) (citing *Bacon v. City of Los Angeles*, 843 F. 2d 372, 374 (1988) and

24   *Addison v. State*, 21 Cal.3d 313, 319 (1978); *see also Hull v. Central Pathology Serv. Med.*

25

26          [1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

4

1   *Clinic*, 28 Cal. App. 4th 1328 ( 1994) (holding that statute of limitations was not equitably tolled

2   because plaintiff did not "diligently" pursue claims).  Here, plaintiff fails to plead any facts

3   showing the potential applicability of equitable tolling to his claims.  *See Cervantes v. City of*

4   *San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993).  The court dismissed plaintiff's earlier action

5   regarding these same allegations in February 2008, and that dismissal was affirmed on appeal on

6   May 26, 2009.  *See Cohea v. Jones*, No. 2:07-cv-0694, Dckt. Nos. 27, 32.  Given that plaintiff

7   waited nearly another three years before filing this action on May 7, 2012, it is unlikely that

8   plaintiff can demonstrate that equitable tolling applies.  *See* Compl. (Dckt. No. 1).  Thus, this

9   action must be dismissed as barred by the statute of limitations.

10  **V.      Order and Recommendation**

11          In accordance with the above, IT IS HEREBY ORDERED that:

12          1.  Plaintiff's request to proceed *in forma pauperis* (Dckt. No. 5) is granted.

13          2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

14  accordance with the notice to the California Department of Corrections and Rehabilitation filed

15  concurrently herewith.

16          Further, IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed as

17  barred by the applicable statute of limitations and for failing to state a claim upon which relief

18  can be granted.  *See* 28 U.S.C. § 1915A(b).

19          These findings and recommendations are submitted to the United States District Judge

20  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

21  after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

24  ////

25  ////

26  ////

5

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3  Dated:  August 30, 2012.

4

5  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26